IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-03530

JOHN DOE,

      Plaintiff;

v.

ROCKY MOUNTAIN CLASSICAL ACADEMY, et al,


      Defendants.

---

## SCHEDULING ORDER

---

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

The Scheduling/Planning Conference was held on July 16, 2024, at 2:15 p.m. before Magistrate Judge Scott T. Varholak, in Courtroom A-402 of the Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado.

Appearing for the Plaintiff: Michael Nolt, Esq. and Igor Raykin, Esq., Kishinevsky & Raykin, Attorneys at Law, 2851 South Parker Road, Suite 150, Aurora Colorado 80014, (720) 748-8888. Email: michael@coloradolawteam.com; igor@coloradolawteam.com

Appearing for Defendants: Sean T. Conrecode, Esq. and Scott A. Neckers, Esq., Overturf, McGrath, and Hull, P.C., 625 E. 16th Ave., Denver, CO 80203, (303) 860-2848. Email: stc@omhlaw.com; san@omhlaw.com

### 2. STATEMENT OF JURISDICTION

Plaintiffs allege jurisdiction of this Court is invoked and is proper pursuant to 28 U.S.C. §1331, 28 U.S.C. § 1343(a) and 42 USC § 1988.

### 3. STATEMENT OF CLAIMS AND DEFENSES

a. Plaintiffs:  Plaintiff's claims arise under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, 42 U.S.C. § 1983; 42 U.S.C. § 1988; and 20 U.S.C. § 1681-1688 (the Title IX of the Education Amendments of 1972).  Plaintiff's claims arise from provisions of the Rocky Mountain Classical Academy ("RMCA") dress code that prohibit male students, but not female students from wearing small, stud earrings.  Plaintiff is a male student at RMCA who wishes to wear small, stud earrings to school.   The RMCA dress and grooming code prohibits him from doing so.  If Plaintiff were a female student, the dress and grooming code would permit Plaintiff to wear the small, stud earrings he wishes to wear. Plaintiff alleges that this sex-specific distinction in the RMCA dress and grooming code violates his rights to be free from sex discrimination contained in the Fourteenth Amendment's Equal Protection Clause and Title IX.  Because Plaintiff has worn earrings to RMCA, Plaintiff has been subjected to disciplinary sanctions, including multiple out-of-school suspensions.

b. Defendants: Defendants deny that Plaintiff suffered any injuries, damages, or losses, deny that they are liable to Plaintiff, and deny that any of their alleged actions caused any harm to Plaintiff. The RMCA dress code advances neutral pedagogical goals placing comparable burdens on both sexes that satisfy intermediate scrutiny in this context. Because the RMCA earring policy withstands intermediate scrutiny, it is not a violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, 42 U.S.C. § 1983; 42 U.S.C. § 1988 or 20 U.S.C. § 1681-1688 (the Title IX of the Education Amendments of 1972). Plaintiff's parents signed the Handbook Signature Page, which states that they read and understood the Parent Student Handbook (including the RMCA dress code) and agreed

8

to comply with it. Defendants otherwise incorporate all defenses set forth in the Answer as if fully restated herein.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1. At all times relevant to this suit, John Doe was a male student at RMCA.

2. At all times relevant to this suit, RMCA's dress and grooming code prohibited male students from wearing earrings.

3. At all times relevant to this suit, RMCA's dress and grooming code permitted female students to wear small, stud earrings.

## 5. COMPUTATION OF DAMAGES

Plaintiff claims the following categories of damages:

a. Nominal damages for violation of his constitutional rights;

b. Damages for impairment of quality of life, emotional distress, anger, outrage, humiliation, disappointment, frustration, fear, anxiety, depression, psychological, hedonic and other injuries in amounts to be proven at trial[1];

c. Damage to reputation in amounts to be proven at trial[2];

d. Punitive and exemplary damages in an amount to be determined at trial;

e. All recoverable pre- and post-judgment interest in an amount to be determined at trial;

f. Attorney fees, expenses, and costs in an amount to be determined at trial;

---

[1] Plaintiff's Initial Disclosures provides an estimate of $50,000. Plaintiff reserves the right to supplement his disclosures as necessary and required.
[2] Plaintiff's Initial Disclosures provides an estimate of $50,000. Plaintiff reserves the right to supplement his disclosures as necessary and required.

g.      Any other recoverable detriment.

Defendant: Defendant takes the position that Plaintiff must compute his damages under each of these categories, and should do so in advance of the scheduling conference in this case.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a.   Date of Rule 26(f) meeting.

The meeting took place by phone on June 25, 2024. Counsel for the parties discussed this scheduling order.

b.   Names of each participant and party he/she represented.

Igor Raykin, Esq. and Michael Nolt, Esq., on behalf of the Plaintiff.

Sean T. Conrecode, Esq. and Scott A. Neckers, Esq., on behalf of the Defendants.

c. - d.   Statement as to when Rule 26(a)(1) disclosures were made or will be made.

Initial disclosures were exchanged on March 18, 2020, and March 20, 2020.

e.    Statement concerning any agreements to conduct informal discovery:

The parties prefer to conduct formal discovery.

f.    Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

The parties agree to use a unified exhibit numbering system during depositions.

Any other agreements to reduce the costs of discovery will be reported to the Court at the time the agreement is reached.

g.      Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

The parties anticipate that the claims and defenses may involve electronically stored information such as emails and computerized student records and that some disclosure or discovery will involve information of records maintained in electronic form.

Defendants have made the following efforts to preserve such information:

Defendants certify that preservation instructions have been given.

h.      Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

The parties have discussed settlement. Plaintiff made a settlement offer following successful appeal of the Court's order on Defendants' motion to dismiss. Defendants rejected the offer and do not have a counteroffer at this time. The parties will discuss engaging in further informal settlement discussions or possible participation in mediation or a settlement conference.

## 7. CONSENT

All parties have <u>not</u> consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

a.      Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.  **Court: 7 depositions, 25 interrogatories**

Plaintiff: Each side may take up to ten (10) depositions, including experts and serve up to thirty (30) interrogatories, including discrete subparts.

Defendants: Defendants propose that each side may depose the parties, plus two (2) other lay/fact witnesses, plus any retained or non-retained expert witnesses.

b.     Limitations which any party proposes on the length of depositions.

For each deponent, the deposition shall be limited to one day of seven (7) hours. There shall be no multiple depositions of the same person. A person shall be deposed once, whether in a capacity as a 30(b)(6) witness or as an individual deponent. Depositions of a party are limited to 7 hours total, even if multiple people are produced as a party's 30(b)(6) witnesses.

c.     Limitations which any party proposes on the number of requests for production and/or requests for admission.

Each side may serve up to twenty-five (25) requests for production and twenty-five (25) requests for admissions, exclusive of requests directed solely at authenticity.

d.     Other Planning or Discovery Orders

### 9. CASE PLAN AND SCHEDULE

a.     Deadline for Joinder of Parties and Amendment of Pleadings: August 1, 2024.

b.     Discovery Cut-off: February 28, 2025.

c.     Dispositive Motion Deadline: April 11, 2025.

d.     Expert Witness Disclosure

1.     The parties shall identify anticipated fields of expert testimony, if any.

Plaintiff: Plaintiff anticipates expert testimony in school policies and procedures and school dress codes.

Defendant: Defendants anticipate calling experts in areas of expertise called by Plaintiff to rebut experts endorsed by Plaintiff.

2.      Limitations which the parties propose on the use or number of expert witnesses.

Two retained experts per side.

3.      The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before November 11, 2024. This includes disclosure of information applicable to "Witnesses Who Must Provide A Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).

4.      The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before December 9, 2024. This includes disclosure of information applicable to "Witnesses Who Must Provide A Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).

Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the Rule will be allowed by stipulation unless the stipulation is in writing and approved by the court.

e.      Identification of Persons to Be Deposed:

Plaintiff anticipates deposing the following:

| Name of Deponent | Date of Deposition | Time of Deposition | Expected Length of Deposition |
|---|---|---|---|
| Designated Defendant Rocky Mountain Classical Academy | TBD | TBD | 7 Hrs |
| Nicole Blanc | TBD | TBD | 7 Hrs |
| Cullen McDowell | TBD | TBD | 7 Hrs |
| Other Deponents who become known through Discovery or otherwise | TBD | TBD | 7 Hrs |
|  | TBD | TBD | 7 Hrs |

| | TBD | TBD | 7 Hrs |
|---|---|---|---|
| | TBD | TBD | 7 Hrs |
| | TBD | TBD | 7 Hrs |
| | TBD | TBD | 7 Hrs |
| | TBD | TBD | 7 Hrs |
| | TBD | TBD | 7 Hrs |
| | TBD | TBD | 7 Hrs |
| | TBD | TBD | 7 Hrs |
| | TBD | TBD | 7 Hrs |
| | TBD | TBD | 7 Hrs |
| | TBD | TBD | 7 Hrs |
| | TBD | TBD | 7 Hrs |
| | TBD | TBD | 7 Hrs |
| | TBD | TBD | 7 Hrs |
| | TBD | TBD | 7 Hrs |
| | TBD | TBD | |

Defendants anticipate deposing the following:

| Name of Deponent | Date of Deposition | Time of Deposition | Expected Length of Deposition |
|---|---|---|---|
| Mother of John Doe | TBD | TBD | 7 hours |
| Father of John Doe | TBD | TBD | 7 hours |
| Plaintiff's experts | TBD | TBD | 7 hours |
| John Doe | TBD | TBD | 7 hours |
| | | | |
| | | | |
| | | | |
| | | | |
| Other Deponents who become known through Discovery or otherwise. | TBD | TBD | |

    f.      Deadline for Interrogatories:

        January 10, 2025

    g.      Deadline for Requests for Production of Documents and/or Admissions

        January 10, 2025

## 10. DATES FOR FURTHER CONFERENCES

a.      Status conferences will be held in this case at the following dates and times:

_____.

b.      A final pretrial conference will be held in this case on _____ at o'clock

_____m.  A Final Pretrial Order shall be prepared by the parties and submitted to the court no

later than seven (7) days before the final pretrial conference.

## 11.  OTHER SCHEDULING MATTERS

a.      Identify those discovery or scheduling issues, if any, on which counsel after a good

faith effort, were unable to reach an agreement.

b.      Anticipated length of trial and whether trial is to the court or jury.

The Parties anticipate a five day jury trial.

c.      Identify pretrial proceedings, if any, that the parties believe may be more efficiently or

economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado

Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood

Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building,103

Sheppard Drive, Durango, Colorado 81303-3439.

None.

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with

D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the

moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or

Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13. AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this _16th_ day of _July_, 2024.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

_s/ Michael Nolt_
Michael Nolt, Esq.
Igor Raykin, Esq.
Kishinevsky & Raykin
2851 S. Parker Rd., Suite 150
Aurora, CO 80014
Phone: 720-748-8888
michael@coloradolawteam.com
igor@coloradolawteam.com
**_Attorneys for Plaintiff_**

_s/ Sean T. Conrecode_
Sean T. Conrecode, Esq.
Scott Neckers, Esq.
Overturf, McGath, & Hull, PC
625 E. 16th Ave.

Denver, CO 80203
Phone: 303-860-2848
stc@omhlaw.com
san@omhlaw.com
***Attorneys for Defendants***